UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
CASE NO.: 3:20-cv-00725-MMH-MCR

JOSEPH ROGERS,

    Plaintiff,

v.

CENTURION OF FLORIDA, LLC, CORIZON OF FLORIDA, and RICKY DIXON, Secretary, Florida Department of Corrections,

    Defendants.
_____/

## DEFENDANT CORIZON HEALTH, INC.'S MOTION TO DISMISS

Defendant Corizon Health, Inc.[1] ("Corizon") pursuant to Federal Rule of Civil Procedure 12 and rule 3.01, Local Rules of the United States District Court for the Middle District of Florida, files this Motion to Dismiss as follows:

## MOTION

1. Plaintiff Joseph Rogers ("Rogers") filed suit bringing federal prisoner medical claims against Corizon. The operative pleading is the Plaintiff's Second Amended Complaint ("Complaint") [ECF #27]

2. Rogers has been untruthful regarding his litigation history, has failed

---

[1] Plaintiff has listed this Defendant as Corizon of Florida. The proper name for this Defendant is Corizon Health, Inc.

to exhaust administrative remedies and fails to state a claim against Corizon.

3. Therefore, the Complaint should be dismissed.

## MEMORANDUM OF LAW

### I. BACKGROUND

This is a prisoner hepatitis-c case. Rogers was a prisoner of the Florida Department of Corrections beginning in 1993, when he transferred from the federal prison system, to July 2022, when he was released from custody [ECF ##27, p. 5; 46]. Corizon had a contract to provide medical care in certain Florida prisons from September 2013 until it cancelled its contract effective in April and May 2016.

### II. ARGUMENT

#### A. Dismissal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

enhancement.'" *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl. Corp.*, 550 U.S. at 555 (stating that "[f]actual allegations must be enough to raise a right to relief above the speculative level"). This inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### B.  Rogers was untruthful regarding his litigation history

Rogers disclosed that he filed one case in the Middle District of Florida relating to the conditions of his imprisonment, and he was represented by attorneys from Holland & Knight. He states the case was "united" into another case that became a class action [ECF #27, pp. 24-25]. Based on review of his litigation history, the case he is referring to was filed in the Second Judicial Circuit in and

for Leon County, Florida: *Joseph P. Rogers v. Michael W. Moore*, Case No: 2001 CA 001888, which was consolidated by Order dated November 16, 2001, into Case No: 2001 CA 001307, *Gregory Henderson, et al. v. Michael W. Moore, et al*. The First District Court of Appeal affirmed the lower court's ruling. *Henderson v. Crosby*, 883 So. 2d 847 (Fla. 1st DCA 2004).

However, Rogers did not disclose the following cases:

- Middle District of Florida Case No: 3:94-cv-00565-WTH, *Joseph Paul Rogers v. Robert Butterworth, et al.*, a habeas corpus case, which was dismissed on February 2, 1995 for failure to exhaust available state court remedies (ECF #25).

- Northern District of Florida Case No: 3:95-cv-30267-RV, *Joseph Rogers v. Harry Singletary*, a Section 1983 prisoner civil rights case that was dismissed on a motion to dismiss for lack of jurisdiction (ECF ##7, 18, 20).

- Middle District of Florida Case No: 3:95-cv-01007-HES, *Joseph Paul Rogers v. Harry K. Singletary, Jr., et al.*, a Section 1983 prisoner civil action that was dismissed in the first instance.

- Middle District of Florida Case No: 3:96-cv-00096-RWN-J_S, *Joseph Paul Rogers v. Harry K. Singletary, Jr., et al.*, another habeas petition

that was denied. Rogers appealed to the 11th Circuit, Case No: 98-2988, which dismissed the appeal on May 24, 1999.

- Middle District of Florida Case No: 3:99-cv-00390-HLA, *Joseph Paul Rogers v. Michael Moore, et al.*, another habeas petition dismissed as procedurally defaulted on March 28, 2001(ECF #52) and the 11th Circuit denied his certificate of appealability on October 25, 2001 in Case No: 01-12920.

- Middle District of Florida Case No: 3:01-cv-00519-RWN, *John Beatty, Charles E. Davis and Joseph Paul Rogers v. Michael W. Moore*, a Section 1983 Prisoner Civil Rights case involving equipment in a prison law library. The case was dismissed on May 17, 2001 <u>for failure to exhaust administrative remedies according to the PLRA</u> (ECF #2).

- Middle District of Florida Case No: 3:04-cv-01166-TJC-MMH, *Joseph Paul Rogers v. Teresa J. Sopp, et al.*, a Section 1983 claim alleging state attorneys coerced him to plead guilty. The claim was dismissed as frivolous on December 6, 2004 as <u>frivolous</u> (ECF #7). Rogers appealed, and the 11th Circuit, which also dismissed as <u>frivolous</u> on July 1, 2005 in Case No: 05-10294.

Rogers signed the Complaint under penalty of perjury.  His false answer

affects the Court's ability to review the claims according to the PLRA. The 11th Circuit determined that false statements regarding prior lawsuits count as a strike. *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated on other grounds Jones v. Bock*, 549 U.S. 199 (2007). But there's more: according to his history, Rogers was a three-strikes offender of the PLRA long before filing this case, so his untruthfulness allowed this case to proceed, where it otherwise would not.

The proper solution is at hand. Federal Rule of Civil Procedure 11(b) "forbids lying in pleadings, motions, and other papers filed with the court." *Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006) and the rule allows for sanctions for that conduct. Fed. R. Civ. P. 11(c). The sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." *McDonald v. Emory Healthcare Eye Ctr.*, 391 F. App'x 851, 853 (11th Cir. 2010) (quoting Fed. R. Civ. P. 11(c)(4)). Rule 41(b) "provides for dismissal with prejudice as the ultimate sanction for violation of the rules.". *Zocaras*, 465 F.3d at 490; *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir.1982). *Springs v. Gielow*, No. 3:14cv105/MCR/EMT, 2015 U.S. Dist. LEXIS 40277, 2015 WL 1458273, *29 (N.D. Fla. Mar. 28, 2015) (recommending prosecution for perjury based on repeated untruthful testimony).

Therefore, the Complaint is subject to dismissal for Rogers' purposeful failure to provide truthful disclosure of his prior litigation history and because he is

a three-strikes offender of the PLRA.

### C. Rogers failed to exhaust administrative remedies

"Section 1997e(a), enacted as part of the Prison Litigation Reform Act, provides that a prisoner must exhaust all available administrative remedies before bringing a federal action challenging prison conditions." *Parzyck v. Prison Health Servs., Inc.*, 627 F.3d 1215, 1218 (11th Cir. 2010) (citation omitted); *see also Hollingsworth v. Brown*, 788 So.2d 1078, 1079-80 (Fla. 1st DCA 2001). This is a mandatory requirement, *Woodford v. Ngo*, 548 U.S. 81, 85 (2006), and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see also Johnson v. Meadows*, 418 F.3d 1152, 1155 (11th Cir. 2005).

An inmate has properly exhausted all available remedies when the inmate has used "all steps that the [prison] holds out, and doing so *properly* (so that the [prison] addresses the issues on the merits)." *Woodford*, 548 U.S. at 90 (emphasis in original) (quotation omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91. "Congress intended to afford prison officials time to address grievances internally before allowing a prisoner to initiate

a federal lawsuit." *Johnson*, 418 F.3d at 1155. While an inmate is not required to name every involved party in a grievance, he still must provide "all relevant information reasonably available to him." *Brown v. Sikes*, 212 F.3d 1205, 1208 (11th Cir. 2000). The "critical function of the grievance procedure is [to] provide the institution with notice of a problem such that they have an opportunity to address the problem internally," *Toenninges v. Georgia Dept. of Corrections,* 600 Fed. Appx. 645, 649 (11th Cir. 2015); *Goldsmith v. White*, 357 F. Supp. 2d 1336, 1340, 1341 (N.D. Fla. 2005) ("Mr. Goldsmith … failed…to mention the core facts on which his claim was based (that he is homosexual, and that Officer White used a bigoted reference to homosexuality when he took the action at issue)"); *See Williams v. Barrow*, 559 Fed. Appx. 979, 986 (11th Cir. 2014)("Nor does that grievance describe any conduct of Warden Oubre and Dr. Sachdeva).

The Florida Department of Corrections has a grievance procedure, which is set forth in Chapter 33-103 of the Florida Administrative Code. Generally, inmates must begin the grievance process by submitting an informal grievance to the designated staff member, who forwards the informal grievance to the staff member responsible in the particular area of the problem. § 33-103.005(1). If an inmate feels the grievance has not been satisfactorily resolved during the formal grievance procedure, an appeal may be submitted to the Office of the Secretary. § 33-103.007(1). Grievance appeals may be returned without action if the inmate

submits more than two additional pages of narrative along with the appeal. §§ 33-103.007(2)(b), 33-103.014(t). Appeals are also returned without action if they are not received in the Secretary's Office within fifteen calendar days from the date the response to the formal grievance is returned to the inmate. § 33-103.014(i). *Williams v. Dep't of Corr.*, 2017 U.S. App. LEXIS 1805, 2017 WL 432793 *6 (11th Cir. Fla. Feb. 1, 2017)(describing the procedure); *Wheeler v. Davis*, 2016 U.S. Dist. LEXIS 115824 *5-6 (N.D. Fla. Aug. 5, 2016)(same).

According to the record, Rogers never filed a grievance regarding his medical treatment before filing suit. The Florida Department of Corrections filed Rogers' grievances and the grievance log in the record [ECF ##48-1, 48-2]. The only grievance he filed before filing and regarding his hepatitis-c treatment was on April 11, 2016 [ECF #48-1]. The denial of the grievance was appealed and returned for failure to comply with FDOC rules [ECF #48-1, pp. 3-6].

The process was obviously available, as he filed grievances. However, he never completed the process by properly seeing it through appeal. Because he never completed the process, his claims should go no further.

## D.   The Complaint is a shotgun pleading.

Complaints that violate Rules 8 and 10 of the Federal Rules of Civil Procedure are often referred to as "shotgun pleadings." Although there are different types of shotgun pleadings, each "fail[s] to one degree or another . . . to

give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). In *Weiland*, the court discussed four types of "shotgun" pleadings which require dismissal:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint . . . replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland* at 1321-23 (footnotes omitted). All four types of "shotgun" pleadings are deficient because "they fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* At 1323 (footnote omitted); *see also Anderson v. Dist. Bd. Of Trs. Of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). *See Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir. 1997) (explaining that where a complaint alleges claims against multiple defendants in a single count, the allegations should be read in such a way that they are directed at each defendant individually); *Williams v. Wells*

*Fargo Bank NA.*, No. 11-213-233-CIV, 2011 U.S. Dist. LEXIS 159463, 2011 WL 13115562, at *5 (S.D. Fla. Oct. 3, 2011).

This Complaint is of the third type: Rogers does not separate his claims into counts. Instead, he seems to bring contract claims [ECF #27, p. 6]; state law claims according to Section 825.101, Florida Statutes (2022), which is the definitions section of a criminal statute regarding abuse of the elderly [ECF #27, pp. 6-8]; and clams under the Rehabilitation Act and Americans with Disabilities Act, which are intermingled with something of an 8th Amendment claim [ECF #27, pp. 6-8]. None of it is set in counts, so Corizon has no chance to determine which claims apply to it. The Complaint is a shotgun pleading; it must be dismissed.

### III.   **CONCLUSION**

For the foregoing reasons, Corizon requests that this Court grant its motion to dismiss.

### **LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to Local Rule 3.01(g), the undersigned hereby certifies that he spoke with the Plaintiff via telephone regarding this motion. Plaintiff opposes the motion.

By:    /s/ Gregg A. Toomey
        Gregg A. Toomey
        Florida Bar No. 159689

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of August, 2022 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System, and will send a copy of the foregoing via U.S. Mail and/or electronically to the following:

Joseph Rogers
1190 Bulls Head Road
Clinton Corners, NY 12514
*Pro Se*

Brian A. Wahl
Carmen Weite
Bradley Arant Boult Cummings LLP
*Attorneys for Defendant Centurion*
One Federal Place-1819 5th Avenue, N.
Birmingham, AL 35203
P: 205-521-8000
F: 205-521-8800
E: bwahl@bradley.com
cweite@bradley.com
tramsay@bradley.com

Jacob Hanson
Bradley Arant Boult Cummings LLP
*Attorneys for Defendant Centurion*
100 N. Tampa Street, Suite 2200
Tampa, FL 33602
P: 813-559-5500
F: 813-229-5946
E: jhanson@bradley.com
tabennett@bradley.com
sdhayes@bradley.com

Shirley Wilson Durham
Office of the Attorney General
*Attorneys for Defendant Dixon*
The Capitol, PL-01
Tallahassee, FL 32399-1050
P: 904-456-642
F: 904-858-6983
E: Shirley.durham@myflorida.legal.com

                              THE TOOMEY LAW FIRM LLC
                              *Attorneys for Defendant Corizon*
                              The Old Robb & Stucky Building
                              1625 Hendry Street, Suite 203
                              Fort Myers, FL  33901
                              Phone:  239.337.1630
                              Fax:  239-337.0307
                              Email:  gat@thetoomeylawfirm.com, alr@thetoomeylawfirm.com, and hms@thetoomeylawfirm.com

                              By:     /s/ Gregg A. Toomey
                                    Gregg A. Toomey
                                    Florida Bar No. 159689